## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

REBEKAH S. JOHNSON,

      Plaintiff,

v.                                                    Case No: 8:22-cv-1844-WFJ-JSS

CIRCLE K STORES, INC.,

      Defendant.

_____/

## <u>ORDER DISMISSING CASE</u>

Before the Court is Plaintiff Rebekah S. Johnson's amended complaint, Dkt. 1-10, which was removed from state court by Defendant Circle K Stores, Inc. ("Circle K"). For reasons set forth below, the Court must sua sponte dismiss Plaintiff's amended complaint as an improper pleading.

On July 25, 2017, Plaintiff, a Florida resident, slipped and fell inside one of Circle K's convenience stores located in St. Petersburg, Florida. Dkt. 1 at 5−6; Dkt. 1-10 at 1−2. Nearly four years later, Plaintiff filed a negligence suit against Circle K in the 6th Judicial Circuit in and for Pinellas County, Florida, seeking damages exceeding $100,000. Dkt. 1 at 3; Dkt. 1-2 at 3 n.1. Headquartered in Texas with a principal place of business in Arizona, Circle K removed the case to the United States District Court for the Middle District of Florida in early

September 2021 pursuant to 28 U.S.C. § 1441. Dkt. 1 at 5; Dkt. 7 at 2. Plaintiff's case was assigned to United States District Judge Charlene Honeywell under the case number 8:21-cv-2109-CEH-AEP.

After Judge Honeywell accepted jurisdiction in October 2021, Dkt. 1-4, Plaintiff failed to file a case management report as required by Local Rule 3.02, Dkt. 7-2. On December 22, 2021, Judge Honeywell ordered Plaintiff to show cause as to why her case should not be dismissed under Local Rule 3.10 for lack of prosecution. *Id.* Plaintiff failed to respond to that order. Dkt. 7-3. Accordingly, on January 13, 2022, Judge Honeywell dismissed Plaintiff's case without prejudice and directed the Clerk to close the case. *Id.*

Six months later, despite her case never having been remanded, Plaintiff filed an amended complaint in her initial case before the 6th Judicial Circuit. Dkt. 7 at 2; Dkt. 1-13. Like her original complaint, Plaintiff's amended complaint asserts a single negligence claim against Circle K based on her 2017 slip and fall. Dkt. 1-10. Circle K filed a motion to dismiss in the 6th Judicial Circuit, citing a lack of jurisdiction. Dkt. 1-8. Before the 6th Judicial Circuit ruled on Circle K's motion to dismiss, Circle K removed the case to this Court. Dkt. 1.

When a case is removed from state court to federal court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). With Plaintiff's case never having been remanded, any proceedings in

Plaintiff's state case occurring after its removal to federal court in September 2021 are void *ab initio*. *See Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1254−55 (11th Cir. 1988); *Bank of Am., N.A. v. HoSang*, No. 5:14-cv-574-Oc-32PRL, 2015 WL 3866987, at *2 (M.D. Fla. June 23, 2015) ("[T]he state court was without jurisdiction . . . to continue with the case unless and until this Court remanded the case back to state court.").

Irrespective of the fact that Plaintiff was somehow able to file an amended complaint in the 6th Judicial Circuit, Plaintiff's case is not pending in state court. Circle K should not have needed to remove Plaintiff's case to this Court a second time, as Plaintiff's case was already removed and never remanded. Plaintiff has essentially filed an amended complaint in her closed federal case six months after Judge Honeywell dismissed the same for lack of prosecution. This is not a valid pleading. Given Plaintiff's case was dismissed and closed in January 2022, the Court must dismiss her amended pleading that was improperly filed in the 6th Judicial Circuit in July 2022.

## CONCLUSION

Based on the foregoing, Plaintiff's amended complaint, Dkt. 1-10, is **DISMISSED**.[1] Circle K's pending motion to dismiss for lack of jurisdiction, Dkt.

---

[1] The Court notes that any attempt by Plaintiff to refile her claim would be time-barred, as the four-year statute of limitations governing Plaintiff's negligence claim expired three days after she filed her initial suit in state court in July 2021. *See* section 95.11(3)(a), Florida Statues.

7, is **moot**. The Clerk is directed to provide a copy of this Order to the 6th Judicial Circuit in and for Pinellas County, Florida, and close this case.

**DONE AND ORDERED** at Tampa, Florida, on September 26, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
The 6th Judicial Circuit in and for Pinellas County, Florida

4